UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIELLE L. BROWN, | Case No. 2:17-CV-1880 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO CASUALTY COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant GEICO Casualty Company's ("Geico") motion to continue trial. (ECF No. 54).

**I.  BACKGROUND**

The district is in the process of resuming trials subject to the presiding judge's discretion. *See* Fourth Amended Temporary General Order 2020-03. Trial in this matter is set on the stack beginning March 8, 2021. The parties were unable to agree on a stipulation to continue the trial. (Decl. of Wade M. Hansard, ECF No. 54-1 at 2). Geico now moves for a continuance. (ECF No. 54).

**II.  LEGAL STANDARD**

"A district court's decision regarding a continuance is given great deference." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). The court considers four factors: (1) the movant's diligence in preparing for the date set for trial; (2) the likelihood that a continuance will address the need giving rise to the motion for a continuance; (3) the extent to which a continuance will inconvenience the court and the opposing party, including its witnesses; and (4) whether the movant will suffer prejudice if the continuance is denied.

**James C. Mahan**
**U.S. District Judge**

1  *United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985); *see also Danjaq*, 263 F.3d at 961.  The fourth factor is mandatory.  *Id.*

### III.   DISCUSSION

Geico seeks a continuance for two reasons: health concerns and a scheduling conflict. (ECF No. 54).  First, neither of Geico's trial counsel have received a COVID-19 vaccine yet and lead counsel is "69-years-old and on a rheumatoid arthritis biologic medication that suppresses his immune system." (*Id.* at 3).  Counsel is "simply unable to go to trial until vaccinated." (*Id.*).  Second, Geico has another matter in this district "that is currently in the midst of almost daily depositions between now and March 1 in a bad faith insurance case where [p]laintiff seeks to enforce an underlying binding arbitration judgment in excess of $70 million." (*Id.*).

The court finds that a continuance is appropriate here.  Geico has been diligent in preparing for trial.  All discovery is completed and its motions in limine are still pending.  A continuance will allow trial counsel to receive the COVID-19 vaccine.  And Geico would suffer prejudice because "leaving the trial date [as is] poses significant health and safety risks by adding close contact and a number of people in a closed environment" even given the district's precautions. (*Id.*).

Nevertheless, the court and the parties are obliged to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  To that end, the court orders a mandatory settlement conference with the magistrate judge.  *See* LR 1-1(b); LR IB 1-7(b).

### IV.   CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Geico's motion to continue trial (ECF No. 54) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the calendar call date in this case is now November 10, 2021 at 1:30 pm and that the trial date is November 15, 2021 at 9:00 am.

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    IT IS FURTHER ORDERED that this case is REFERRED to Judge Cam Ferenbach
2  for a mandatory settlement conference.
3    DATED February 10, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -